UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Michael C. Alexander, | ) | Case No. 1: 17 CV 591 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| Lake Erie Correctional Institution, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* plaintiff Michael C. Alexander has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983 against the Lake Erie Correctional Institution, the prison in which he is presently incarcerated.

He alleges that his First Amendment rights were violated by two prison "employees" in October 2016, who allegedly refused to allow him to bring a Holy Quran and prayer rug with him while being transported to the Cuyahoga County Jail, even though two other inmates being transported on the same day were permitted to bring their King James Bibles. (*See* Am. Complt., Doc. No. 6 at 3-4.) He alleges the employees discriminated against him on the basis of his Muslim religion, and he seeks damages and an order that disciplinary action be brought against the employees. (*Id.* at 5.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C.

§1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

Although the plaintiff has alleged a plausible violation of his First Amendment rights, his allegations are insufficient to state a plausible claim against the prison. It is well-established that *respondeat superior* or vicarious liability is not a basis for relief under §1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)). The plaintiff has not alleged facts plausibly suggesting that a policy or custom of the prison itself was the cause of the alleged constitutional violation. Accordingly, he has not alleged facts sufficient to impose liability on the prison.

## Conclusion

For the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to a subsequent action the plaintiff may file against proper defendants. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   s/ Solomon Oliver, Jr.   6/28/2017
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT